IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED
01 FEB -6 AM 8:43
U.S. DISTRICT COURT
N.D. OF ALABAMA

JOHNNY E. WALKER,　　　　　　　}
　　　　　　　　　　　　　　　　}
　　　Plaintiff,　　　　　　　　}
　　　　　　　　　　　　　　　　}　　CIVIL ACTION NO.
v.　　　　　　　　　　　　　　　}
　　　　　　　　　　　　　　　　}　　CV-00-AR-2253-S
PROVIDENT LIFE & ACCIDENT　　　}
INSURANCE CO.,　　　　　　　　　}
　　　　　　　　　　　　　　　　}
　　　Defendant.　　　　　　　　}
　　　　　　　　　　　　　　　　}

ENTERED
FEB - 6 2001

**MEMORANDUM OPINION**

Life never provides a 100% guarantee of anything except for death and taxes. This is certainly true when considering whether *Ryan Hill v. Blue Cross Blue Shield of Alabama*, 117 F.Supp.2d 1209 (N.D. Ala.2000), was correctly decided.

By its objection to the motion of plaintiff, Johnny E. Walker ("Walker"), for leave to amend his complaint to add a claim of bad faith refusal to pay, defendant, Provident Life & Accident Insurance Co. ("Provident Life"), is asking this court to acknowledge that it was wrong in *Hill*. This court is not inclined to retreat from *Hill*, where this court explained its understanding of *UNUM Life Insurance Co. v. Ward*, 119 S.Ct. 1380 (1999). This court need not retreat unless it is instructed to do so by a higher court.

There is now in the Supreme Court of the United States a petition for *certiorari* that requests a review of the Fifth Circuit's opinion in *Corporate Health Insurance, Inc. v. Texas*

*Department of Insurance*, 220 F.3d 641 (5th Cir.2000). This presents an opportunity for the Supreme Court to enlighten us all on the subject at hand. On January 8, 2001, the Supreme Court invited the Solicitor General to file a brief expressing the views of the United States on the reach of the "savings clause". If the Solicitor General accepts the Supreme Court's invitation, and if his brief is consistent with the brief *amicus curiae* that was filed in support of the Texas Department of Insurance in the Fifth Circuit by the Solicitor of Labor, the position of the United States will be consistent with this court's conclusion in *Hill* that ERISA does not preempt state laws if they regulate insurance and if they are aimed only at the insurance industry. The Solicitor of Labor, at page 22 of his *amicus* brief before the Fifth Circuit, described the Texas statute there under consideration as follows:

> [T]he HMO Act appears to be specifically tailored to the insurance industry and applies only in that context.

At that point, the Solicitor of Labor dropped the following footnote:

> The United States argued in *Ward* that *Pilot Life* does not in itself require preemption of a state law that regulates insurance **even if it provides a state law cause of action or remedy**.

(emphasis supplied).

In other words, the Solicitor General in *Ward* had already provided the answer of the United States to the big question. Now the question is whether that answer changes with administrations.

Consistent with *Hill* and with what three other judges of this

court have held since *Hill*, a separate order granting plaintiff's motion for leave to amend with be entered.

DONE this \_\_6th\_\_ day of February, 2001.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE